IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL RUSSELL ANDREWS, SR., <br><br> Plaintiff, <br><br> v. <br><br> JOHN WETZEL, SECRETARY, SCI PINE GROVE SUPERINTENDENT, ERIC P. BUSH, STAFF UNIT MANAGER, BEHR, CO1 PELUS, CO1 ROSAS, CO1 CLAWSON, CO2 REID, CO2 HETRICK, C03 THOMAS, CO3 LIPENFIELD, CO4 SHEEDER, SCI PINE GROVE PRC STAFF DEPT. HIEDE, CORRECT CARE SOLUTION (MEDICAL), PAULA PRICE, and TRACI PARKES (well path), <br><br> Defendants. | 2:19-cv-1443-NR-PLD |

**ORDER ADOPTING REPORT & RECOMMENDATION (ECF 99)**

This is a *pro se* prisoner civil rights action. Plaintiff Daniel Russell Andrews, Sr. was granted leave to proceed *in forma pauperis*. ECF 2. This matter was referred to Magistrate Judge Patricia Dodge for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is a Report & Recommendation (ECF 99) filed by Magistrate Judge Dodge on April 27, 2021, recommending that the Court: (1) grant in part and deny in part the motion to dismiss filed by the Department of Corrections Defendants (ECF 89); (2) deny the motion to dismiss filed by Correct Care Solutions (now known as Wellpath) and Traci Parkes (ECF 86); and (3) dismiss Correct Care Solutions from the case pursuant to the screening provisions set forth in 28 U.S.C. §

1915(e)(2)(B)(ii).

Mr. Andrews filed timely objections to the Report & Recommendation. ECF 102. The Court will overrule all objections, but will make one clarification in response to Mr. Andrews's objections

First, with respect to the matter to be clarified, Mr. Andrews points out that Magistrate Judge Dodge recommended that the motion to dismiss against Deputy Hiede be denied but failed to include that information in the conclusion section of her recommendation. *Id.* at ¶ 3. The Court agrees with Mr. Andrews and hereby corrects this omission in its order, below.

Second, Mr. Andrews requested that this Court reconsider the dismissal of Defendants CO1 Clawson, Sgt. Hetrick, Lt. Lipenfield, and Capt. Sheeder because of "significant documentation of proof that shows these defendants [sic] connection and or NEXIS [sic] to their involvement by way of discovery." *Id.* at ¶ 4. After preliminarily reviewing his objections, the Court ordered Mr. Andrews to "file a supplement" that "provides the specific 'documents of proof' regarding defendants CO1 Clawson, Sgt. Hetrick, Lt. Lipenfield, and Capt. Sheeder." ECF 103. Mr. Andrews filed a supplement but did not include the requested documents. *See* ECF 104. As of the date of this order, Mr. Andrews still has not done so.[1] Therefore, the Court will overrule this objection.

Upon a *de novo* review of the record and the Report & Recommendation, the Court will adopt the Report & Recommendation, subject to the clarifying point above,

---

[1] It is unclear whether the "supplement" that Mr. Andrews filed at ECF 104 is meant to be the supplement that the Court ordered. Mr. Andrews's filing related solely to whether his objections were timely. In any event, Mr. Andrews has had over five months now since the Court's prior order to file the documentation, but he has failed to do so.

and enters the following order. [2]

**AND NOW**, this **5th day of November, 2021**, it is **ORDERED** that the Report & Recommendation (ECF 99) is adopted as the Opinion of the Court.

The Court further orders as follows:

(1) The motion to dismiss filed by the Department of Corrections Defendants is **GRANTED** to the extent that it seeks dismissal of Secretary Wetzel, Superintendent Bush, CO Rosas, CO Clawson, Sgt. Hetrick, Lt. Thomas, Lt. Lipenfield, and CO Sheeder from this case. Those defendants are dismissed with prejudice. It is **DENIED** to the extent it seeks dismissal of Mr. Andrews's Eighth Amendment failure-to-protect claim against Unit Manager Behr, CO Pelus, and Sgt. Reid, Mr. Andrews's denial-of-medical-care claim against Ms. Price, and Mr. Andrews's retaliation claim against Deputy Heide.

(2) The motion to dismiss filed by Correct Care Solutions and Ms. Parkes is **DENIED** to the extent that it seeks dismissal of the denial-of-medical-care claim against Ms. Parkes.

(3) Mr. Andrews's claims are **DISMISSED** with prejudice against Correct Care Solutions for failure to state a claim under 28 U.S.C. §

---

[2] An arguable basis for amending the Report & Recommendation would be to grant Mr. Andrews leave to amend his complaint for a second time to plead additional facts sufficient to support his claim that CO Rosas failed to protect him from the assault by his former cellmate. As Magistrate Judge Dodge noted, Mr. Andrews claimed "that he has other information about CO Rosas's involvement that he did not include in the Amended Complaint." ECF 99, p. 14. However, Magistrate Judge Dodge also noted that Mr. Andrews has already had two opportunities to include these allegations and he failed to do so, and thus denied him a third bite at the apple. He also failed to come forward with this information when filing his objections. Under these circumstances and given that Mr. Andrews did not object to any aspect of the Report & Recommendation, the Court does not find that Magistrate Judge Dodge's decision was incorrect.

- 4 -

1915(e)(2)(B)(ii) and because his request for injunctive relief against it is moot.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge