## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL RUSSELL ANDREWS, SR.,     )
                                    )
          Plaintiff,            )
                                    )     2:19-cv-1443-NR-PLD
       v.                    )
                                    )
JOHN WETZEL, *et al.*,          )
                                    )
          Defendants.         )

## AMENDED ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT & RECOMMENDATION (ECF 99)

This is a *pro se* prisoner civil rights action brought by Plaintiff Daniel Russell Andrews, Sr. On November 5, 2021, the Court adopted a Report & Recommendation filed by Magistrate Judge Patricia Dodge on April 27, 2021. ECF 109. That R&R recommended that the Court: (1) grant in part and deny in part the motion to dismiss filed by the Department of Corrections Defendants (ECF 89); (2) deny the motion to dismiss filed by Correct Care Solutions (now known as Wellpath) and Traci Parkes (ECF 86); and (3) dismiss Correct Care Solutions from the case under the screening provisions set forth in 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Andrews filed timely objections to the R&R, which the Court overruled. ECF 102. One of those objections was that Defendants Capt. Sheeder, Lt. Lipenfield, Sgt. Hetrick, and CO Clawson should not be dismissed because of "significant documentation of proof that shows these defendants [sic] connection and or NEXIS [sic] to their involvement by way of discovery." ECF 109, p. 2 (quoting ECF 102, ¶ 4). After preliminarily reviewing this objection, the Court ordered Mr. Andrews to file a supplement that provided those specific documents of proof. ECF 103. The primary reason that the Court finally overruled the objection was that it believed Mr. Andrews had failed to file the ordered supplement. ECF 109, p. 2 n.1.

Since then, Mr. Andrews has filed a motion for "stay of proceedings for review."

ECF 136. In that motion, Mr. Andrews claims that he "filed the documentation [referenced above] and he has paid to have the documents mailed to the court overnight." *Id.* at p. 2. After carefully reviewing the docket, the Court has determined that Mr. Andrews is correct; he did file the requested supplement with additional documentation before the Court's deadline. That supplement, however, was included as an exhibit to Mr. Andrews's separate motion to appoint counsel, which was submitted to Magistrate Judge Dodge, and thus the undersigned Judge did not see the supplement. ECF 105, pp. 4-8, Exs. A-D. The Court will not hold it against Mr. Andrews that he erroneously included the supplement as part of a separate motion. As such, the Court will now reconsider its prior order and fully evaluate Mr. Andrews's objections to the R&R.

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a *de novo* determination of any portions of the R&R to which a party objects. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* The Court may also recommit the matter to the magistrate judge with instructions. *Id.*

After considering Mr. Andrews's supplement, and upon a *de novo* review of the record and the R&R, the Court will amend its prior order and sustain Mr. Andrews's objection to the dismissal of his retaliation claims against Capt. Sheeder and Lt. Lipenfield. All other aspects of the Court's prior order remain undisturbed.

"A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (cleaned up).

In her R&R, Magistrate Judge Dodge recommended that the Court dismiss Mr. Andrews's retaliation claim against Capt. Sheeder because Mr. Andrews's

"allegations do not establish that he suffered any adverse action" from him.  ECF 99, p. 16.  In other words, Mr. Andrews's claim failed on the second element.  According to Magistrate Judge Dodge, that's because although Capt. Sheeder allegedly "threatened him in an attempt to get him to withdraw grievance #715904," Mr. Andrews "refused to do so and then filed a [different] grievance against Capt. Sheeder."  *Id.*  Magistrate Judge Dodge further concluded that without losing his ability to pursue valid grievances as the adverse action, Mr. Andrews was only left with Capt. Sheeder's threats as the potential harm, but "verbal threats alone typically do not constitute adverse action for the purposes of establishing a prima facie retaliation claim."  *Id.* at p. 17.

Although the Court agrees with Magistrate Judge Dodge's analysis, given the supplemental information that Mr. Andrews filed, the facts on which it is based are now materially different.  Construing Mr. Andrews's pleadings liberally, Mr. Andrews is also alleging that Capt. Sheeder retaliated against him by arranging to have another inmate from the general population placed into his cell in the Restricted Housing Unit.  ECF 74, ¶ 16; ECF 136-4, p. 2.  This action put Mr. Andrews in an impossible position.  He could either accept the cellmate and the risk to his personal safety that entailed (given his recent history at the prison), or he could refuse the placement and deal with the consequences of receiving a misconduct.  Faced with this difficult dilemma, Mr. Andrews ultimately chose the latter option.  ECF 136-4, p. 3.

Whether an adverse action would deter a prisoner of ordinary firmness from exercising his First Amendment rights "depend[s] on the facts of the particular case." *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000).  That means this "objective inquiry is not static across contexts; it must be tailored to the different circumstances in which retaliation claims arise."  *Walker v. Campbell*, No. 09-282, 2011 WL 6153104, at *5 (W.D. Pa. Oct. 31, 2011) (Lenihan, M.J.) (citation omitted), *report and recommendation adopted*, 2011 WL 6153104 (W.D. Pa. Dec. 9, 2011).  Adverse actions

that are sufficient to support a retaliation claim include, but are not limited to, "filing false misconduct reports, transferring a prisoner to another prison, and placing a prisoner in administrative custody." *Id.* at *4 (citations omitted).

Here, it is plausible to conclude from the allegations in Mr. Andrews's amended complaint and the documents attached to his supplement that the retaliatory conduct allegedly orchestrated by Capt. Sheeder rises to the level of an adverse action. Mr. Andrews had recently been violently attacked by his prior cellmate, and so he was understandably nervous about any new placement, especially one coming from the general prison population. ECF 136-4, p. 2. And Capt. Sheeder would have known that. So, Capt. Sheeder likely also knew that if he arranged to have a new cellmate assigned to Mr. Andrews, Mr. Andrews would refuse that assignment, and he'd have a chance to give Mr. Andrews a misconduct for insubordination. Under these circumstances, a factfinder could reasonably conclude that Capt. Sheeder falsely engineered a scenario in which a misconduct was an inevitability, and that's enough, at this stage, to satisfy the second element of the retaliation claim.[1]

But even so, Mr. Andrews still needs to satisfy the third element—causation— for his retaliation claim to survive. On that score, "timing plus other evidence" cited in Mr. Andrews's pleadings "plausibly raise an inference of causation" between his protected conducted (filing and refusing to withdraw a grievance) and the adverse action taken by Capt. Sheeder. *Pepe v. Lamas*, 679 F. App'x 173, 175 (3d Cir. 2017) (cleaned up).

As alleged, Capt. Sheeder met with Mr. Andrews on February 13, 2022, at 2:30 p.m., to "force" Mr. Andrews to withdraw one of his grievances. ECF 134-6, p. 2.

---

[1] Further supporting this conclusion is the fact that the manufactured misconduct originally contained false charges that Mr. Andrews made threats and used obscene language when he refused the cellmate assignment. ECF 136-4, p. 3. Those false charges were eventually dismissed through the hearing process, but Mr. Andrews's charge for refusing to obey an order was upheld. *Id.*

Then, a mere four hours later, at 6:30 p.m., Sgt. Hetrick and CO Clawson arrived at Mr. Andrews's cell in the RHU with a new cellmate. *Id.* That gap is short enough to infer causation at the pleading stage. *See Brant v. Varano*, 717 F. App'x 146, 150 (3d Cir. 2017) ("Here, Brant threatened to file a lawsuit on February 25, 2011, and that same day, Officer Knarr discarded Brant's legal materials. A span this short is suggestive of retaliation at the *prima facie* stage.") (citation omitted). That's especially true here where the attempted placement of a cellmate seemingly came out of nowhere. Mr. Andrews's "request to not have a cellmate was honored for 87-88 days within the RHU [u]ntil [he]had the disagreement with Capt. Sheeder for not withdrawing the grievance[.]" ECF 136-4, p. 2.

As for Lt. Lipenfield, Magistrate Judge Dodge recommended that the Court dismiss the retaliation claim against him because Mr. Andrews did not allege that he was "aware that [Mr. Andrews] had recently filed grievances against other SCI Pine Grove officials or why [he] would care if [he] did know." ECF 99, p. 17. But, considering Mr. Andrews's supplement, that's no longer the case. Lt. Lipenfield was allegedly at the meeting with Capt. Sheeder when the grievances were discussed. ECF 136-4, p. 2. It's fair to infer knowledge from this fact. And as for causation, Lt. Lipenfield issued the directive to give Mr. Andrews a misconduct for refusing the new cellmate a few hours after attending the aforementioned meeting.[2] *Id.*

That's not to say that Mr. Andrews will ultimately prevail. After discovery, Capt. Sheeder and Lt. Lipenfield are, of course, free to provide competing evidence, or to prove that their allegedly adverse actions were reasonably related to a legitimate

---

[2] Mr. Andrews also objects to the dismissal of his retaliation claims against Sgt. Hetrick and CO Clawson. ECF 136-4, pp. 1-3. As to those Defendants, Magistrate Judge Dodge concluded that Mr. Andrews failed to plead that they "were aware that he had recently filed grievances against other SCI Pine Grove officials or why they would care if they did know[.]" ECF 99, p. 17. Nothing in Mr. Andrews's supplement addresses this fatal flaw, and so the retaliation claim against these Defendants still fails as a matter of law.

penological interest.  *See Pepe*, 679 F. App'x at 176 (citations omitted).  But that question "cannot be answered at the pleading stage."  *Id.*

For these reasons, this **22nd day of April, 2022**, it is **ORDERED** that the Court's prior order adopting the report and recommendation (ECF 109) is amended to clarify that the motion to dismiss Mr. Andrews's retaliation claims against Capt. Sheeder and Lt. Lipenfield is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge